**Patricia SCANNELL, Plaintiff–Appellant,**

v.

**TOWN OF GREENBURGH, John A. Kapica, individually and as Chief of Police, of the Town of Greenburgh and George Weisner, individually and as Captain of Greenburgh Police Department, Defendants–Appellees.**

No. 01–9472.

United States Court of Appeals, Second Circuit.

July 2, 2003.

Reynold A. Mauro, Schlachter & Mauro, Commack, NY, for Appellant.

Michael J. McDermott, McDermott & McDermott, Somers, NY, for Appellees.

Present: STRAUB, POOLER, Circuit Judges, and HURD,* Judge.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

Plaintiff–Appellant Patricia Scannell appeals from the November 28, 2001 judg-

ment of the Southern District of New York (Lisa Margaret Smith, *Magistrate Judge*) granting summary judgment to defendants on her claims of gender discrimination brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and New York State's Human Rights Law, N.Y. Exec. Law § 290, *et seq.*

Plaintiff, a police officer with the Town of Greenburgh Police Department, alleges in principal part that defendants engaged in illegal discrimination by denying her disability benefits after she injured her back. Plaintiff filed suit in January 1999 asserting gender and disability discrimination claims, a procedural due process claim under 42 U.S.C. § 1983, as well as a claim based on defendants' alleged violation of New York Gen. Mun. Law § 207–c. The action was assigned to Magistrate Judge Smith who granted defendants' motion for summary judgment on all claims except for plaintiff's disability discrimination and procedural due process claims.**

We review the District Court's grant of summary judgment *de novo. See Mandell v. County of Suffolk,* 316 F.3d 368, 376 (2d Cir.2003). To establish a prima facie case of disparate treatment under Title VII, "a plaintiff must show, *inter alia,* that she was subjected to adverse employment action, under circumstances giving rise to an inference of prohibited discrimination." *Fitzgerald v. Henderson,* 251 F.3d 345, 356 (2d Cir.2001). "[A] disparate treatment claim looks at how an individual was treated compared to her similarly situated co-workers." *Smith v. Xerox Corp.,* 196 F.3d 358, 370 (2d Cir.1999). The same standard applies under the New York Human

---

* The Honorable David N. Hurd, United States District Judge for the Northern District of New York, sitting by designation.

** Pursuant to the parties' agreement to "discontinue, with prejudice" the disability discrimination claims and dismiss the sole re-

maining due process claim if plaintiff did not prevail on appeal, the Magistrate Judge entered final judgment pursuant to Fed.R.Civ.P. 54(b) and stayed further proceedings pending resolution of this appeal.

Rights Law. *See Pollis v. New School for Social Research,* 132 F.3d 115, 124 (2d Cir.1997).

Plaintiff alleges that she is the only officer in the Greenburgh Police Department who was subjected to a hearing pursuant to New York Gen. Mun. Law § 207–c, a statutory procedure for determining the line-of-duty injury claims of police officers. However, plaintiff requested the § 207–c hearing after defendant Chief of Police John Kapica ordered plaintiff to return to light duty assignment in August 1995 following plaintiff's back injury. The hearing officer confirmed that plaintiff should return to work on a limited light duty basis, an administrative determination which plaintiff did not challenge. Moreover, plaintiff concedes that her light duty assignment was actually more favorable than the assignments given to comparable male officers. Indeed, plaintiff could not identify any disabled male officers who received more favorable treatment.

Plaintiff also contends that defendants failed to pay her for sick days relating to her back injury after she returned to light duty work in October 1996.*** However, plaintiff has submitted no evidence demonstrating that any male officers received more generous payment for sick days. In the absence of any supporting evidence or circumstances suggesting illegal discrimination,**** we agree that summary judgment on plaintiff's gender discrimination claims was properly granted.

For the reasons set forth above, we AFFIRM the judgment of the District Court.

---

*** Plaintiff was paid for sick days which were unrelated to her back injury.

**** Plaintiff does not challenge the Magistrate Judge's finding that there was no evidence of harassment or intimidation or any other ground for inferring gender discrimination.